Jones, J.
Your way is to have a new certiorari to the custos brevium.
Doderidge, J. You should have anew certificate that there is no other original. In this case there is an omission of two terms, and a variance in the name of the party. Wherefore, it shall not be intended to be the same writ on which the plaintiff in C. B. declares.
And the opinion of the court was, that there should be a new certificate.
Afterwards at M. 3 Car. Rolls prayed that the judgment might be reversed, for this shall be intended to be the same original. 1. Because it is certified. 2. At common law, until the statute 2 R. 2. 2. p. 92, one might have declared in another county, that the original was from, and, at this day, the original indebt is in one county and the count in another: This does not abate the writ ipso facto, but renders it abatable only. It is possible it is the same original on which the count is.
Jermyn.
It cannot be tried by any means, whether the declaration be on the same original or not; for the averment, that it is on the original cannot be tried, *and it is like Brown's case; where the original was in London and the declaration in Middlesex, and there was a verdict and judgment. But it was not reversed, but affirmed.
Jones, J. Here the certificate makes it appear to us that it is the same original.
Whitlock, J.
But by law it appears that it is not the same original.
Doderidge, J.
An averment that it is the same original, is nothing to the purpose; for it cannot be tried.
Which tota curia connessit. Et adjournatar. Note. There was a variance between the writ and the continuances. The writ is Rich. executor of Thom. in the first, and in the other continuances. The execution of Thom. 2 Cr. 674. Palm. 428.